SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 18 2011
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

MARSHA ETHERIDGE )
Plaintiff, *ProSe'* )
)
v. ) CIVIL ACTION NO. 1:11cv175 HSO-JMR
) CIVIL RIGHTS COMPLAINT
) TRIAL BY JURY DEMANDED
)
COUCH, STILLMAN, BLITT & )
CONVILLE )
Attorneys & Counselors at Law )
Defendant )
BANK OF AMERICA )
a/k/a FIA CARD SERVICES, N.A. )
A Wholly Owned Subsidiary of )
Bank of America or NB Holding Corp )
Co-Defendant )

### PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW** the Plaintiff, Marsha Etheridge.

1. At all times the Plaintiff is a resident of Pearl River County, State of Mississippi.

2. Plaintiff respectfully submits Plaintiff's Statement of Claim.

3. The Defendant is a third party debt collector Couch, Stillman, Blitt & Conville, Jesse Ward Conville, P. O. Box 681, Hattiesburg, MS 39403, is a debt collector and as such, governed under the law by The (FDCPA), 15 U.S.C. §§ 1692-1692p Bank of America, a/k/a FIA Card Services, N.A., 100 North Tryon Street, Charlotte, North Carolina 28255, is a credit lender and the Co-Defendant as such, is governed under the law by the (FCRA) Fair Credit Reporting Act 15 USC 1681, *et seq.* and also reports these accounts to the national credit reporting agencies, i.e. Trans Union, Equifax and Experian, all national credit reporting agencies. The Plaintiff brings

1

this action based on these two previously sited laws.

4. The State of Mississippi abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically the Fair Credit Reporting Act 618 15 USC section 1681p, *et seq.* and the Debt Collection Practices Act 15 USC 1692k (d) *et seq.*

## Violations' of the DCPA against the Defendant
## Couch, Stillman, Blitt & Conville

### Count I:

5. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

Even if the Plaintiff did have such an agreement with the Defendant, which the Plaintiff denies, the alleged account is not in question here. But the fact as to how it was or was not verified and wrongful actions of the Defendants under DCPA by not providing proof of an alleged debt. Violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act 15 USC 1692 *et seq.*

The Plaintiff contacted the Defendant by U.S. Postal Service, Certified Mail Return Receipt No. 7002 2410 0000 7714 3628 on October 14, 2010, which the Defendant received on October 15, 2010, asking for proof of this alleged account. The Plaintiff has never received an answer from the Defendant

Failure to validate the alleged debt: 15 USC 1692g (b)

Plaintiff demands judgment in the amount of $1000.00

### Count II:

Continued collection activity prior to validating the alleged debt: 15 USC 1692g (d)(b)

The Defendant has attempted to pursue additional action against the Plaintiff by

2

attempting to sue the Plaintiff in her local district court prior to validation of the alleged debt.

Plaintiff demands judgment in the amount of $1000.00

Case law to support the Plaintiffs statements:

Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account.[1]

[1] ***Pacific Concrete F.C.U, v, Kauanoe,*** 62 Haw. 334, 614 P.2d 936 (1980); **GE Cap/fa/ *Hawaii, Inc. v. Yonenaka,*** 25 P.3d 807, 96 Hawaii 32 (Hawaii App 2001); ***Fooks v. Norwich Housing Authority,*** 28 Conn. L. Rptr. 371, (Conn. Super.2000); ***Town of Brookfieid v. Candlewood Shores Estates, Inc.,*** 513 A.2d 1218, 201 Conn. 1 (1986); and ***Solaon v. Godbole,*** 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 515 N.E. 2d 1045 (3rd Dist 1987).

## SUMMATION

This is the reason this consumer law was enacted by Congress, so as to protect the consumer from any mis-dealings from businesses in the financial market of today. The Defendant has chosen not to comply with the DCPA as is required which now results in damage to the Plaintiff financially and emotionally.

Plaintiff demands damages in the amount of $2,000.00 along with court costs. Along with $1000.00 per violation for a total of $20,000.00 and any other damages this court may allow.

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 5

## Violations of the FCRA against

## Co-Defendant Bank of America a.k.a FIA card Services

6. The plaintiff requested a copy of her Credit Report from Experian, Equifax, and Trans Union.

7. Upon inspection of the said reports the Plaintiff observed that Bank of America was

3

listed on the Plaintiff's Experian, Equifax and Trans Union credit reports. Indicating a debt/account due. Bank of America/FIA/Couch, have never contacted the Plaintiff at any time prior to today's date with any allegations of any alleged debt/account.

8. The Plaintiff contacted the Co-Defendant by U.S. Postal Service, Certified Mail Return Receipt No. **7008 2810 0000 9599 8279** on **January 21, 2010**, which the Co-Defendant received on January 23, 2010, asking for proof of this alleged account. The Plaintiff has never received an answer from the Co-Defendant. The derogatory, erroneous and inaccurate information still remains on the Plaintiff's Credit Reports to date.

9. The Defendants must also inform with Notice of Dispute to the Major Credit Reporting Agencies that the alleged account is in dispute, which the Co-Defendant has not done. The Co-Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiff's Credit Reports even after informing the Co-Defendant of this and asking for proof of any account and has continued to do so to-date. The Co-Defendant is in violation of the Fair Credit Reporting Act [15 USC sub section 1681s-2], *et seq.* as follows: Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and has failed to do so.

10. Continually updating the Plaintiff's Credit Reports with this erroneous and inaccurate information.

11. Co-Defendant also violated the FCRA. According to the **Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]**, (a) In general. Any person who willfully fails to comply with any requirement imposed

4

under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

12. According to the **Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

13.    (a) In general. Any person who is <u>**negligent in failing to comply**</u> with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure;

14. (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15. Plaintiff has a negative Equifax credit score of 639 as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant.

16. Plaintiff has suffered injury in the form of Defamation of character.

17. Plaintiff re-alleges the allegation set forth in paragraphs 6 through 20.

## **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT Against Co-Defendant BoA/FIA**

### **Count I:**

According to the Fair Credit Reporting Act, Section 623, Responsibilities of

5

furnishers of information to consumer reporting agencies [15 USC sub sectio1681s-2](n) and (o):

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if

the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(C) regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

> (D) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that

remains not complete or accurate.

(2) Duty to provide Notice of Dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon Notice of Dispute.

(1) In general. After receiving notice pursuant to Section 611(a)(2)[sub section 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to Section 611(a)(2)[sub section 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on

        consumers on a nationwide basis.

        (2) Deadline. A person shall complete all investigations, reviews and reports required under paragraph

(c) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under Section 611(a)(1)[sub section 1681i] within the consumer reporting agency is required to complete actions required by that section regarding that information.

18. The information from Bank of America on the Experian, Equifax and Trans Union credit reports of Plaintiff does not reflect that the information is disputed by the consumer. According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 USC sub section 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

19. Plaintiff demands Judgment in the amount of $3,000.00 for each day the Co-Defendant violated the act by reporting in the Plaintiff's credit reports with inaccurate and erroneous information.

## COUNT II:

20. According to the Fair Credit Reporting Act, Section 623, Responsibilities of

furnishers of information to the consumer reporting agencies [15 USC sub section 1681s-2]:

(a) Duty of furnishers of information to provide accurate information.

(1)        Prohibition.

(A)        Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B)        Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency, if

21. the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

22. (ii) the information is, in fact, inaccurate.

(a) Duty to correct and update information. A person who

(b) <u>regularly and in the ordinary course of business furnishes information</u> to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(c) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not

complete or accurate.

(d) <u>Duty to provide Notice of Dispute. If the completeness or accuracy of any information by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.</u>

23. Duties of <u>furnishers</u> of information upon Notice of Dispute.

   (a) In general. After receiving notice pursuant to Section 611(a)(2)[sub section 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

   (b) conduct an investigation with respect to the disputed information;

   (c) review all relevant information provided by the consumer reporting agency pursuant to Section 611(a)(2)[sub section 1681i];

   (d) report the results of the investigation to the consumer reporting agency; and

   (e) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

   (f) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under Section 611(a)(1)[sub section 1681i] within which the consumer reporting agency is

required to complete actions required by that section regarding that information.

24. Plaintiff demands Judgment in the amount of $1,347,000.00 for 449 days the Co-Defendant has failed to report the alleged account in dispute.

25. Defendant Bank of America continues to report the alleged debt on the Experian, Equifax and Trans Union credit reports of Plaintiff to date.

26. According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 USC sub section 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damage sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000, (2) such amount of punitive damages as the Court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the Court.

27. Plaintiff has a negative Experian credit score of 653, Equifax credit score of 639, and Trans Union credit score of 610, as of this date and has been denied credit at reasonable rates because of the willful noncompliance actions, erroneous and inaccurate reporting and/or inaction's of the Defendants.

28. According to the Fair Credit Reporting Act,617. Civil liability for negligent noncompliance [15 USC sub section 1681o]

29. In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in the amount equal to the sum of

(a) any actual damages sustained by the consumer as a result of the failure;

(b) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the Court.

30. Plaintiff has a negative Experian credit score of 653, Equifax credit score of 639 and Trans Union credit score of 610, as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inactions of the Defendant.

31. Plaintiff has suffered injury in the form of Defamation of Character.

32. Plaintiff re-alleges the allegations set forth in paragraphs 20 through 32.

## SUMMATION

33. **WHEREFORE**, the Co-Defendant has violated the Fair Credit Reporting Act, Plaintiff demands judgment in the amount of $1,347,000.00 for their violations of the FCRA, plus all costs of this action along with punitive damages in the amount of $150,000.00, or as the Court may allow along with Private Attorney General fees of $3,000.00, as prescribed by law *Graziano v. Harrison 950 F.2d 107, 113 (3d Cir. 1991), 15 USC section 1692k(a)(3), (see Zagorski v. Midwest Billing Services, Inc., F.3d—(1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997).*

## **STATEMENT UPON WHICH RELIEF CAN BE GRANTED**

The Plaintiff will gladly accept a reasonable settlement agreement to resolve these issues upon contact from either Defendant.

Respectfully submitted this __15__ day of April, 2011.

Marsha Etheridge, Plaintiff, *ProSe*
67 Cecil Smith Road
Carriere, Mississippi  39426
601-798-2270
jbnmarsha@yahoo.com
