**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MARSHA ETHERIDGE**                                                           **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 1:11-cv-00175-HSO-JMR**

**COUCH, STILLMAN, BLITT & CONVILLE
ATTORNEYS & COUNSELORS AT LAW
BANK OF AMERICA
A/K/A FIA CARD SERVICES, N.A.
A WHOLLY OWNED SUBSIDIARY OF
BANK OF AMERICA OR NB HOLDING CORP**          **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF FIA CARD SERVICES, N.A.**

COMES NOW the separate defendant, FIA CARD SERVICES, N.A. ("FIA") (erroneously named herein as "Bank of America"), by and through its attorneys, McGlinchey Stafford, PLLC, and files this, its *Answer and Affirmative Defenses* to the *Plaintiff's Statement of Claim* (the "Complaint") filed by the Plaintiff, MARSHA ETHERIDGE (the "Plaintiff"), in this cause of action and in support thereof FIA would show unto the Court the following, to-wit:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiff fails to state a claim against FIA upon which relief can be granted for the additional specific reason that the Plaintiff has not met her obligations as set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009) by failing to provide sufficient "grounds" of her "entitlement to relief," 127 S.Ct. 1955, 1964-65 (2007), and her use of mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action," *id*, is insufficient to state a claim upon which relief can be granted.

**SECOND DEFENSE - ANSWER**

Without waiving any defenses, but reaffirming and re-alleging the same, and specifically reserving all benefits and advantages which may be had as a result of any errors, uncertainties, imperfections and insufficiencies of the Complaint, FIA specifically answers the enumerated and un-enumerated allegations of the Complaint. Unless specifically admitted herein, the allegations of the Complaint are denied.

The first paragraph of the Plaintiff's Complaint that states "COMES NOW the Plaintiff, Marsha Etheridge" contains no allegations of fact which require a response from FIA. To the extent that the allegations of said paragraph seek to imply any wrongdoing by or liability on the part of FIA, those allegations are hereby denied.

1. Upon information and belief, FIA admits residence allegations of Plaintiff as alleged in Paragraph No. 1 of the Plaintiff's Complaint.

2. The allegations of Paragraph No. 2 of the Plaintiff's Complaint are introductory in nature to which no response is required. To the extent that the allegations of Paragraph No. 2 seek to imply any wrongdoing by or liability on the part of FIA, those allegations are hereby denied.

3. In response to Paragraph No. 3 of the Plaintiff's Complaint, FIA would state that it is a national banking association with its headquarters in Delaware. The remainder of the allegations of Paragraph No. 3 of the Plaintiff's Complaint are introductory in nature and state legal conclusions to which no response is required. To the extent that the allegations of Paragraph No. 3 seek to imply any wrongdoing by or liability on the part of FIA, those allegations are hereby denied.

4. In response to Paragraph No. 4 of the Plaintiff's Complaint, FIA states that jurisdiction is proper in the United States District Court for the Southern District of Mississippi.

The remainder of the allegations of Paragraph No. 4 of the Plaintiff's Complaint are introductory in nature and state legal conclusions to which no response is required.  To the extent that the allegations of Paragraph No. 4 seek to imply any wrongdoing by or liability on the part of FIA, those allegations are hereby denied.

<u>**Violations of the DCPA against the Defendant
Couch, Stillman, Blitt & Conville**</u>

**<u>Count I:</u>**

5.The allegations of Paragraph No. 5 of the Plaintiff's Complaint either state legal conclusions or do not apply to FIA, therefore, no response is required from FIA.  To the extent that the allegations of Paragraph No. 5 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

**<u>Count II:</u>**

6.In response to the unnumbered paragraph on Page 2 of the Plaintiff's Complaint after the heading "Count II," FIA states that the allegations contained therein either state legal conclusions or do not apply to FIA, therefore, no response is required from FIA.  To the extent that the allegations of said paragraph of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

<u>**SUMMATION**</u>

7.In response to the unnumbered paragraph on Page 3 of the Plaintiff's Complaint after the heading "SUMMATION," FIA states that the allegations contained therein either state legal conclusions or do not apply to FIA, therefore, no response is required from FIA.  To the extent that the allegations of said paragraph of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations and would state that the Plaintiff is not entitled to the relief requested therein.  In further response to said paragraph, FIA

incorporates by reference and reasserts its responses to the preceding averments of the Plaintiff's Complaint and deny the claims for relief set forth in Plaintiff's Complaint.

## Violations of the FCRA against
## Co-Defendant Bank of America a.k.a FIA card Services

8. FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Plaintiff's Complaint.  Accordingly, the allegations of Paragraph No. 6 of the Plaintiff's Complaint are denied.

9. In response to Paragraph No. 7 of the Plaintiff's Complaint, FIA denies that it has never contacted Plaintiff regarding the credit card account at issue.

10. FIA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 of the Plaintiff's Complaint at this time. Accordingly, the allegations of Paragraph No. 8 of the Plaintiff's Complaint are denied.

11. FIA denies the allegations contained in Paragraph No. 9 of the Plaintiff's Complaint.

12. FIA denies the allegations contained in Paragraph No. 10 of the Plaintiff's Complaint.

13. FIA denies the allegations contained in Paragraph No. 11 of the Plaintiff's Complaint.

14. The allegations of Paragraph No. 12 of the Plaintiff's Complaint appears to quote 15 U.S.C. § 1681o, which is a legal conclusion, therefore, no response is required from FIA.  To the extent that the allegations of Paragraph No. 12 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

15. The allegations of Paragraph No. 13 of the Plaintiff's Complaint appears to quote 15 U.S.C. § 1681o, which is a legal conclusion, therefore, no response is required from FIA.  To

the extent that the allegations of Paragraph No. 13 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

16. The allegations of Paragraph No. 14 of the Plaintiff's Complaint appears to quote 15 U.S.C. § 1681o, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph No. 14 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

17. FIA denies the allegations contained in Paragraph No. 15 of the Plaintiff's Complaint.

18. FIA denies the allegations contained in Paragraph No. 16 of the Plaintiff's Complaint.

19. In response to Paragraph No. 17 of the Plaintiff's Complaint, FIA incorporates by reference and reasserts its responses to the preceding averments of the Plaintiff's Complaint and denies the claims for relief set forth in Plaintiff's Complaint.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT against Co-Defendant BoA/FIA

**Count I:**

20. The allegations of the unnumbered paragraph of the Plaintiff's Complaint under the heading "VIOLATIONS OF THE FAIR CREDIT REPORTING ACT Against Co-Defendant BoA/FIA, Count I" beginning on Page 5 and continuing through 8 appears to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of said of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

21. In response to Paragraph No. 18 of the Plaintiff's Complaint, FIA would state that the Plaintiff's credit reports from Experian, Equifax and Trans Union speak for themselves. The remainder of the allegations contained in Paragraph No. 18 of the Plaintiff's Complaint states a

legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of said paragraph of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

22.     FIA denies the allegations and requests for relief contained in Paragraph No. 19 of Plaintiff's Complaint and further denies that the Plaintiff is entitled to any relief whatsoever.

**Count II:**

23.     The allegations of Paragraph No. 20 of the Plaintiff's Complaint appear to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph 20 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

24.     The allegations of Paragraph No. 21 of the Plaintiff's Complaint appear to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph 21 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

25.     The allegations of Paragraph No. 22 of the Plaintiff's Complaint appear to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph 22 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

26.     The allegations of Paragraph No. 23 of the Plaintiff's Complaint appear to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph 23 of the Plaintiff's

Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

27. FIA denies the allegations and requests for relief contained in Paragraph No. 24 of Plaintiff's Complaint and further denies that the Plaintiff is entitled to any relief whatsoever.

28. In response to Paragraph No. 25 of the Plaintiff's Complaint, FIA would state that the Plaintiff's credit reports from Experian, Equifax and Trans Union speak for themselves. To the extent that the allegations of said paragraph of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

29. The allegations of Paragraph No. 26 of the Plaintiff's Complaint appear to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph 26 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

30. FIA denies the allegations and requests for relief contained in Paragraph No. 27 of Plaintiff's Complaint.

31. The allegations of Paragraph No. 28 of the Plaintiff's Complaint appear to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph 28 of the Plaintiff's Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

32. The allegations of Paragraph No. 29 of the Plaintiff's Complaint appear to quote from the Fair Credit Reporting Act, which is a legal conclusion, therefore, no response is required from FIA. To the extent that the allegations of Paragraph 29 of the Plaintiff's

Complaint imply any wrongdoing by or liability on the part of FIA, FIA hereby denies those allegations.

33.  FIA denies the allegations and requests for relief contained in Paragraph No. 30 of Plaintiff's Complaint.

34.  FIA denies the allegations and requests for relief contained in Paragraph No. 31 of Plaintiff's Complaint.

35.  In response to Paragraph No. 32 of the Plaintiff's Complaint, FIA incorporates by reference and reasserts its responses to the preceding averments of the Plaintiff's Complaint and denies the claims for relief set forth in Plaintiff's Complaint.

## SUMMATION

36.  FIA denies the allegations contained Paragraph No. 33 of the Plaintiff's Complaint, and the various requests for relief found therein, and further denies that the Plaintiff is entitled to any relief whatsoever, specifically including statutory damages, actual damages, compensatory damages, punitive damages or otherwise, and further denies that the Plaintiff is entitled to any other relief related to the Plaintiff's claims.

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

The last paragraph of the Plaintiff's Complaint that states "The Plaintiff will gladly accept a reasonable settlement agreement . . ." contains no allegations of fact which require a response from FIA.  To the extent that the allegations of said paragraph seek to imply any wrongdoing by or liability on the part of FIA, those allegations are hereby denied.   FIA further denies that the Plaintiff is entitled to any relief whatsoever and denies that the Plaintiff is entitled to any other relief related to the Plaintiff's claims.

Any and all other allegations not here before specifically admitted, denied or otherwise explained are here and now denied.

### THIRD DEFENSE

The Plaintiff has not sustained any damages proximately caused by FIA.

### FOURTH DEFENSE

FIA asserts its good faith compliance with all applicable contracts, rules, regulations, statutes and laws.

### FIFTH DEFENSE

Plaintiff's claims against FIA are subject to the terms and conditions of the card agreement, and all other defenses available to FIA thereunder.

### SIXTH DEFENSE

FIA hereby reserves any and all rights to enforce any of its rights under any agreements held by FIA.  The Plaintiff may have waived some or all of her rights per the allegations in the Complaint.

### SEVENTH DEFENSE

Some or all of the Plaintiff's claims are barred by the doctrines of equitable estoppel.

### EIGHTH DEFENSE

Plaintiff has failed to join indispensable parties in this cause of action.

### NINTH DEFENSE

FIA is not liable for any of the claims in the Complaint because its conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

### TENTH DEFENSE

The relief sought by Plaintiff may result in unjust enrichment.

**ELEVENTH DEFENSE**

The sole and contributing causes of the incidents complained of in the Complaint were the result of the Plaintiff's own conduct, or the conduct of others over whom FIA has no authority or control.

**TWELFTH DEFENSE**

Plaintiff's claims are barred and/or preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. and FIA is not liable for any of the claims in the Complaint because its conduct and disclosures at all times complied, and were in good faith conformity therewith.

**THIRTEENTH DEFENSE**

Some or all of the Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**FOURTEENTH DEFENSE**

The Plaintiff is before the Court with unclean hands.  Relief cannot be granted to the Plaintiff as she, being able to take care of her interests, has neglected to do so, and thereupon finds herself in a predicament which ordinary care would have avoided.

**FIFTEENTH DEFENSE**

FIA affirmatively pleads the limits on punitive damages set forth in MISS. CODE ANN. §11-1-65(3)(a)(Rev. 2004), and those set forth in various decisions of the United States Supreme Court, including without limitation, *Philip Morris USA v. Williams*, 549 U.S. 346  (2007), *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed.2d 585 (2003) and *BMW of North America, Inc. v. Gore*, 517 U.S. 599, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1966).

**SIXTEENTH DEFENSE**

Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages under Mississippi law without requiring a bifurcated trial as to all punitive damage issues would violate FIA's due process rights guaranteed by the Fourteenth Amendment

to the United States Constitution and under the due process provisions of the Mississippi Constitution.

## SEVENTEENTH DEFENSE

The granting of any award for punitive damages would violate FIA's constitutional rights under the United States Constitution (the "Federal Constitution") and the Constitution of the State of Mississippi (the "State Constitution"), including, but not limited to, the following:

(a) The Due Process Clause of the Fourteenth Amendment of the Federal Constitution;

(b) The Double Jeopardy Clause of the Fifth Amendment as applied to the Fourteenth Amendment to the Federal Constitution;

(c) The Due Process Clause of Article III, §14 of the State Constitution;

(d) The prohibition against twice being placed in jeopardy for the same offense provided by Article III, §22 of the State Constitution;

(e) The procedural safeguards provided by the Sixth Amendment of the Federal Constitution for alleged penal conduct, including, but not limited to, permitting imposition of punitive damages with a burden of proof less than "beyond a reasonable doubt";

(f) The procedural safeguards provided by Article III, §26 of the State Constitution for alleged penal conduct, including, but not limited to, permitting imposition of punitive damages with a burden of proof less than "beyond a reasonable doubt ";

(g) The Contract Clause of Article I, §10 of the Federal Constitution;

(h) The Contract Clause of Article III, §16 of the State Constitution;

(i) The Self-Incrimination Clause of the Fifth Amendment of the Federal Constitution;

(j) The Self-Incrimination Clause of Article III, §26 of the State Constitution;

(k) The Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution; and

(l) The award of punitive damages bears no proportional or rational relationship to any actual damages or to the type of conduct involved and violates both the Federal Constitution and State Constitution.

## EIGHTEENTH DEFENSE

All acts done or omitted were done or omitted in good faith in conformity with the rules, regulations, and interpretations of the Federal Reserve Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized to issue such interpretations or approvals.

## NINETEENTH DEFENSE

Some or all of the claims alleged by the Plaintiff may be barred, preempted or limited by the applicable provisions and implementing regulations of federal laws and regulations applicable to FIA.

## TWENTIETH DEFENSE

FIA is not liable for any of the claims in the Complaint because its conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations, specifically including the Fair Credit Reporting Act , 15 U.S.C. § 1681, *et seq*.

## TWENTY-FIRST DEFENSE

FIA reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

AND NOW, having fully answered and having raised its affirmative defenses, FIA hereby requests that the Court enter a judgment in its favor, and dismiss the Plaintiff's Complaint, and award FIA costs, attorney's fees, and such other relief as the Court finds proper.

THIS, the 5th day of December, 2011.

        Respectfully submitted,

        **FIA CARD SERVICES, N.A.**

    By:   s/John T. Rouse
         John T. Rouse
         One of its Attorneys

OF COUNSEL:

G. Dewey Hembree (MSB No. 2247)
John T. Rouse (MSB No. 101587)
McGLINCHEY STAFFORD, PLLC
City Centre South, Suite 1100
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi  39225-2949
Telephone: (601) 960-8400
Facsimile:  (601) 960-8431
ghembree@mcglinchey.com
jrouse@mcglinchey.com
Attorneys for FIA Card Services, N.A.

## CERTIFICATE OF SERVICE

I, John T. Rouse of McGlinchey Stafford, PLLC, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

None

and I have this day served via U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

Marsha Etheridge
67 Cecil Smith Road
Carriere, Mississippi 39426
Pro Se Plaintiff

From Jackson, Mississippi, this, the 5th day of December, 2011.

                                              s/ John T. Rouse
                                              John T. Rouse

263011.1